UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANAEL DISLA, | Civil Action No. 17-1761 (SRC) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

*Pro se* Petitioner Nathanael Disla ("Petitioner"),[1] a prisoner confined at the Moshannon Valley Correctional Center, filed what appears to be a motion to vacate pursuant 28 U.S.C. § 2255.

Local Civil Rule 81.2 provides, in pertinent part, that "[u]nless prepared by counsel, . . . motions under 28 U.S.C. § 2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk. L.Civ.R. 81.2(a). Rule 2(b) of the Rules Governing Section 2255 Proceedings also requires that a movant, on a Section 2255 motion, (1) specify all the grounds for relief available to the moving party, (2) state the facts supporting each ground, and (3) state the relief requested.

Here, Petitioner did not use the habeas form supplied by the Clerk for Section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014), and thus failed to satisfy Local Civil Rule 81.2. The petition, as currently drafted, is also rambling and incoherent,

---

[1] The docket incorrectly identifies Petitioner as "Dislan Nathaniel", which is the name listed in the caption of the Petition. Petitioner's criminal case and the Bureau of Prisons Inmate Locator list Petitioner's name as Nathanael Disla. For clarity's sake, the Court will direct the Clerk of the Court to correct Petitioner's name on the docket.

1

leaving the Court to speculate as to what claim or claims Petitioner is attempting to assert therein. As a result, the petition fails to comply with Rule 2.

Consequently, this Court will administratively terminate the case at this time; direct the Clerk of the Court to send Petitioner the correct form for Section 2255 petitions; and provide Petitioner with an opportunity to submit an Amended Petition. In his Amended Petition, Petitioner shall fill out the form completely and state each ground for relief, the facts supporting each ground, and the relief requested.

Therefore, for the foregoing reasons;

**IT IS** on this 10th day of May, 2017;

**ORDERED** that the Clerk of the Court shall correct Petitioner's name on the docket to read "Nathanael Disla"; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the motion; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and, if this case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3d Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank section 2255 form— AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014); and it is further

**ORDERED** that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse 50 Walnut Street, Newark, NJ 07101, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, as well as receipt of a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

STANLEY R. CHESLER
United States District Judge