# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NATHANAEL DISLA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 17-1761 (SRC)

**MEMORANDUM AND ORDER**

*Pro se* Petitioner, Nathanael Disla, a prisoner confined at CI Moshannon Valley, has filed what appears to be an Amended motion to vacate pursuant 28 U.S.C. § 2255. It appearing that:

1. Petitioner pleaded guilty to one count of conspiracy to distribute heroin and one count of possession with intent to distribute heroin, and was sentenced by the undersigned to 46 months of imprisonment and three years of supervised release on November 21, 2016. (Crim. Act. No. 15-611, ECF Nos. 36, 38-39.)

2. Petitioner's original motion to vacate, set aside or correct sentence was docketed on March 15, 2017. (ECF No. 1.) The Court administratively terminated this action pursuant to Local Civil Rule 81.2 because Petitioner did not use the habeas form supplied by the Clerk for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). (ECF No. 2.)

3. In its Order, the Court also noted that the original motion did not conform with Rule 2(b) of the Rules Governing § 2255 Proceedings, which requires the movant to (1) specify all the grounds for relief available to the moving party, (2) state the facts supporting each ground, and (3) state the relief requested. (*Id.*) The Court administratively terminated the case, directed the Clerk of the Court to send Petitioner the correct form for § 2255 motions, and provided

1

Petitioner with an opportunity to submit an amended petition. The Court instructed Petitioner to fill out the form completely and state each ground for relief, the facts supporting each ground, and the relief requested. (*Id.*)

4. Petitioner's Amended Petition was docketed on May 26, 2017. (ECF No. 3.) The Court must now screen the Amended Petition pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Under Rule 4, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, Petitioner Amended Petition is subject to dismissal under Rule 4 because it fails to comply with Rule 2. The Amended Petition is incomprehensible and once again does not (1) specify the grounds for relief, (2) state the facts supporting each ground, and (3) state the relief requested. It appears that Petitioner seeks a reduction of his sentence and alleges that his attorney provided ineffective assistance of counsel at sentencing, but he has not included any facts that support his claim(s) for relief. Because the Court cannot determine whether Petitioner has any cognizable grounds for habeas relief, it will administratively terminate the action and provide Petitioner with 30 days to submit an Amended Petition that complies with Rule 2 of the Rules Governing § 2255 Proceedings.[1] If Petitioner fails to respond to the Court's Order, the Court will dismiss the Petition without prejudice under Rule 4 of the Rules governing § 2255 Proceedings.

THEREFORE, it is on this ___5___ day of _____, 2017;

ORDERED that the Clerk of the Court shall mark this matter as OPEN so that the Court may consider Plaintiff's Amended Petition (ECF No. 3); and it is further

---

[1] If Petitioner plans to seek assistance from a prison paralegal and needs additional time to prepare his Amended Petition, he may write to the Court for an extension of time.

2

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the motion; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3d Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank section 2255 form— AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014); and it is further

ORDERED that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse 50 Walnut Street, Newark, NJ 07101, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; the Amended Petition shall (1) specify the grounds for relief sought by Petitioner, (2) state the facts supporting each ground, and (3) state the relief requested; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

STANLEY R. CHESLER
United States District Judge